People v Gardner (2026 NY Slip Op 01132)

People v Gardner

2026 NY Slip Op 01132

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Kennedy, J.P., Scarpulla, Kapnick, González, Rodriguez, JJ. 

Ind No. 73347/22|Appeal No. 5934|Case No. 2024-01512|

[*1]The People of the State of New York, Respondent,
vChad Gardner, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin G. Wiener of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Aidan Sanchez of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Guy H. Mitchell, J.), rendered February 27, 2024, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him to a jail term of six months and five years of probation, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the surcharge and fees imposed at sentencing, and otherwise affirmed.
The waiver of the right to appeal was invalid. The plea court "never adequately explained the nature of the waiver, the rights the defendant would be waiving or that the right to appeal was separate and distinct from the rights automatically forfeited upon a plea of guilty" (People v Castillo, 234 AD3d 557, 558 [1st Dept 2025], lv denied 43 NY3d 1006 [2025], quoting People v Ramos, 122 AD3d 462, 464 [1st Dept 2014]). "Instead, the court relied on defense counsel's confirmation that he told defendant about the waiver, which was not a substitute for the court conducting its own inquiry" (Castillo, 234 AD3d at 558). "The written waiver signed by defendant was no substitute for an on-the-record explanation of the nature of the right to appeal" (Ramos, 122 AD3d at 464). However, we perceive no basis to reduce the sentence.
The court providently imposed a condition of probation requiring defendant to "[c]onsent to a search, conducted by a Probation Officer . . . of his person, vehicle and place of abode . . . and seizure of any illegal drugs, drug paraphernalia, gun/firearm or other weapon or contraband found." This condition was "reasonably related to [defendant's] rehabilitation" given "the use of a firearm during the crime by an . . . accomplice" and defendant's juvenile delinquent adjudication for possessing a firearm (People v L.P., 238 AD3d 570, 571 [1st Dept 2025], lv denied 43 NY3d 1057 [2025]).
Based on our own interest of justice powers, we vacate the surcharge and fees imposed on defendant at sentencing (see People v Chirinos, 190 AD3d 434, 435 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026